UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| KENYAH D. BOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:13-CV-534-PLR-HBG |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This Social Security appeal is before the court for consideration of the plaintiff's objections [R. 25] to the Report and Recommendation filed by United States Magistrate Judge H. Bruce Guyton [R. 24]. Magistrate Judge Guyton found that the Administrative Law Judge (ALJ) properly reviewed and weighed the evidence to determine that plaintiff is capable of performing a range of light work with certain restrictions. Thus, Magistrate Judge Guyton recommended that plaintiff's motion for summary judgment be denied and the Commissioner's motion for summary judgment be granted.

Plaintiff made his application for disability insurance benefits and/or supplemental security income alleging disability beginning October 4, 2010. The claim was denied by the ALJ on June 14, 2012. The Appeals Council denied the plaintiff's request for review, and plaintiff sought judicial review of the Commissioner's decision. As required by 28 U.S.C. § 36(b)(1) and Rule 72(b), Fed.R.Civ.P., the court has now undertaken a *de novo* review of those portions of the

1

Report and Recommendation to which plaintiff objects. For the reasons that follow, plaintiff's objections will be overruled.

Plaintiff objects that the R&R makes no reference to the visual observation of muscle spasms/fasciculations by four separate treating and/or consulting physicians, and fails to consider his diagnosis of benign fasciculations syndrome. However, the R&R correctly states that no treating physician has indicated that the claimant is totally disabled due to any exertional or non-exertional deficits, and no treating physician has limited plaintiff's activities. In addition, the R&R notes that the ALJ found plaintiff's statements concerning the limiting effects of his symptoms were not credible to the extent they were inconsistent with the reports of the treating and consulting physicians. The record does not support plaintiff's contention that his muscle spasms/fasiculations would preclude any gainful employment.

Plaintiff next objects that the R&R fails to consider Dr. Misra's finding that he suffers from manipulative restrictions, which plaintiff argues would preclude any work. Dr. Misra opined that plaintiff could lift and carry up to 10 pounds frequently; and lift and carry 20 to 50 pounds occasionally. Consistent with this opinion, Dr. Misra found that despite his mild loss of right hand grip strength, plaintiff could perform activities like shopping, traveling without a companion, ambulate independently, prepare simple meals, maintain personal hygiene, and sort, handle, use paper/files. Dr. Misra's report supports the ALJ's finding that plaintiff can perform a reduced range of light work.

After finding that plaintiff could not perform his past relevant work as a cook or forklift operator, the ALJ obtained vocational expert (VE) testimony to assess plaintiff's limitations on his ability to work a range of jobs. The ALJ asked the VE to assume a person restricted to light work, which is work that requires lifting of 20 pounds occasionally and 10 pounds frequently.

The VE opined that such a person could perform work as an office assistant, telephone/answering clerk, and ticket clerk. If the person could perform gross manipulation only, with no jobs requiring fine manipulation, the range of jobs would be reduced, but such a person could perform work as an unarmed guard, or parking lot attendant. A VE's testimony, in response to a hypothetical question that accurately portrays a plaintiff's physical and mental impairments, provides substantial evidence in support of the Commissioner's decision that the plaintiff is not disabled. *Varley v. Secretary of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987).

After a careful review of the record and the parties' pleadings, the court is in complete agreement with the Magistrate Judge's recommendation that plaintiff's motion for summary judgment be denied and the Commissioner's motion for summary judgment be granted. Accordingly, the court **ACCEPTS IN WHOLE** the Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). It is **ORDERED**, for the reasons stated in the Report and Recommendation, which the court adopts and incorporates into its ruling, that the plaintiff's motion for summary judgment [R. 19] is **DENIED**; the Defendant Commissioner's motion for summary judgment [R. 21] is **GRANTED**; the Defendant Commissioner's decision in this case denying Plaintiff's application for benefits under the Social Security Act is **AFFIRMED**; and this case is **DISMISSED.**

Enter:

_____
**UNITED STATES DISTRICT JUDGE**

3

Case 3:13-cv-00534-PLR-HBG   Document 26   Filed 11/07/14   Page 3 of 3   PageID #: 588